People v Pleasant

2026 NY Slip Op 03275

May 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Devon Pleasant, Defendant-Appellant.

Decided and Entered: May 26, 2026

Ind No. 425/21|Appeal No. 6725-6726|Case No. 2023-06132 2025-03445|

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Higgitt, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Katherine A. Triffon of counsel), for respondent.

[*1]

Judgment, Supreme Court, Bronx County (Judith S. Lieb, J.), rendered October 25, 2023, convicting defendant, upon his guilty plea, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of five years; and order, same court and Justice, entered on or about May 9, 2025, which denied defendant's motion to set aside the sentence pursuant to CPL 440.20, unanimously affirmed.

Defendant waived his argument that, pursuant to Erlinger v United States (602 US 821 [2024]), he was entitled to have a jury determine whether prior periods of incarceration tolled the 10-year "lookback" period (see Penal Law 70.04[1][b][iv] and [v]), sufficiently to permit sentencing as a second violent felony offender. Citing Apprendi v New Jersey (530 US 466, 490 [2000]), Erlinger noted that "virtually any fact that increase[s] the prescribed range of penalties to which a criminal defendant is exposed must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)" (Erlinger, 602 US at 834 [internal quotation marks omitted]). When defendant declined to deny "any allegation in this statement," he "freely admitted" that the tolling determination was correct and thereby waived any challenge to that determination. Notably, the court did not inquire only about the charges of which defendant was convicted in the past, which might support an argument that the breadth of the waiver was limited, but rather asked if defendant denied "any allegation" in the statement, which included the allegations regarding the periods of tolling. Thus defendant "waived the issue and relinquished the argument" (People v Gomez, 236 AD3d 603, 604-605 [1st Dept 2025], lv denied 43 NY3d 1045 [2025]; see also People v Stanton, 234 AD3d 602, 603 [1st Dept 2025], lv denied 43 NY3d 966 [2025]). Considering this determination, we need not reach defendant's argument that tolling determinations must be made by a jury (see Gomez, 236 AD3d at 604-605; Stanton, 234 AD3d at 603). In any event, any error would be harmless because defendant does not contend, even now, that the court erred in its tolling calculation (see Gomez, 236 AD3d at 605).

Finally, notwithstanding the foregoing, defendant's argument that he was entitled to a jury determination regarding tolling is otherwise unavailing (see People v Young, __ AD3d __, 2026 NY Slip Op 02883 [1st Dept 2026]). In Young, we recently held that Erlinger does not "appl[y] to the tolling determination required to bring defendant's prior felony conviction within the 10-year lookback period" because such a determination simply requires a "rote arithmetic calculation to be made on certified public records," a "determination [that] is completely objective," and a "narrow, ministerial task" (id. at *5 [citation and internal quotation marks omitted]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 26, 2026